IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL DARRELL ROBINSON,

    Plaintiff,

v.                                              CASE NO. 1:11-cv-00024-MP-GRJ

ALACHUA COUNTY SHERIFF
OFFICE, et al,

    Defendants.

_____/

**O R D E R**

Presently pending before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis with Prisoner Consent Form and inmate account information. (Docs. 4 and 5.) The Complaint concerns a claim for false arrest and false imprisonment against the Alachua County Sheriff's Office and Detective Michael Powers. (Doc. 1). Plaintiff seeks damages for lost wages and $200.00 a day for each day he was incarcerated based on alleged false testimony provided by Darrell at Plaintiff's trial. Id. Plaintiff alleges his conviction was overturned on appeal. Id.

Plaintiffs' motion to proceed as a pauper (Doc. 5), is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Because Plaintiff has insufficient funds, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all

Page 2 of 4

funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number; and, (3) the Northern District of Florida Case Number (see above). Checks or money orders which do not have this information will be subject to return. Accordingly, the **Clerk** shall mail a copy of this Order by mail to: Administrator of the Inmate Trust Fund Account at the Alachua County Jail, 3333 NE 39th Avenue, Gainesville, FL 32609.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

## **AMENDMENT OF COMPLAINT**

Pursuant to the Prison Litigation and Reform Act, the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.

*Case No: 1:11-cv-00024-MP -GRJ*

In any 42 U.S.C. §1983 cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For liability under 42 U.S.C. §1983, Plaintiff must show an affirmative causal connection between the Defendants' conduct and the constitutional deprivation. Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

The "Alachua County Sheriff's Office" is not a proper defendant in a § 1983 case because it is not a "person." Plaintiff should name in the Complaint only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation. Therefore, Plaintiff should not name the sheriff's office as a defendant if he chooses to file an amended complaint.

In addition, Plaintiff must provide more facts about the circumstances of his arrest and what acts were committed by Powers that he claims violated his rights and resulted in his being falsely arrested and prosecuted. Plaintiff has provided very few facts to describe the arrest and it is not clear what charge was brought against him or

what "false statements" were made by Powers at Plaintiff's trial.

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his Complaint to name the proper defendants and to provide more facts to support his claims against Defendant Powers. To amend his complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. In amending, Plaintiff should carefully review the following to determine whether he can present allegations sufficient to state a cause of action:

> 1) Plaintiff must state what rights have been violated under the Constitution, laws or treaties of the United States. It is improper for the Plaintiff to merely list constitutional or federal rights. Further, Plaintiff must provide support in the statement of facts for the claimed violations.
>
> 2) Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. Plaintiff must also show how he was harmed or injured by the actions and/or omissions of the defendant(s).
>
> 3) Plaintiff should name only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation.

The **Clerk** is directed to send the Plaintiff a blank Civil Rights Complaint form. After carefully considering whether he can state a cause of action in accordance with this Order, Plaintiff shall submit his Amended Complaint within TWENTY (20) DAYS or by **March 17, 2011**. The failure to do so in the allotted time will result in the dismissal of this action

**DONE AND ORDERED** this 25th day of February, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge